IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC C. KOPF,                                    Civil No. 06-6111-AA
                                                    OPINION AND ORDER

          Plaintiff,

     vs.

CITY OF SWEET HOME, a municipal
corporation; MICHAEL ADAMS, in his
official and individual capacities;
and PATRICK J. WOOD, in his official
and individual capacities,

          Defendants.
─────────────────────────────────────

Margaret J. Wilson
Wilson Law Office
101 E. Broadway, Suite 220
Eugene, Oregon 97401
     Attorney for plaintiff

Karen O'Kasey
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
     Attorney for defendants

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Defendants filed a motion for partial summary judgment
asserting they are entitled to judgment as a matter of law on the
following claims: Equal Protection claim based on a "class of
one" theory; due process claim; Americans with Disabilities Act
("ADA") claim; workers' compensation retaliation claim;
retaliation claim pursuant to the Federal Family Medical Leave
Act ("FMLA"); and a punitive damages claim.   Defendants' motion
is granted in part and denied in part.

<u>BACKGROUND</u>

Plaintiff worked in the public works department for
defendant City of Sweet Home ("City) since 1975.   In July 2000,
plaintiff was promoted from a Maintenance II position to a
Maintenance III position.   In November 2002, plaintiff requested
leave pursuant to the FMLA due to his father's illness.   The City
granted his request.   Plaintiff then requested that his leave be
extended into December 2002, which was also granted.   On January
29, 2003, plaintiff suffered a back injury while at work.
Plaintiff filed a workers' compensation claim, which was accepted
and processed by the City.   Plaintiff now has a 55 pound lifting
restriction as a result of his back injury.

In June 2004, plaintiff was provided notice of a potential
disciplinary action in the form of a demotion from his then
direct supervisor, defendant Patrick Wood.   Plaintiff attended a
meeting about the proposed disciplinary action with a union

representative.  On June 11, 2004, plaintiff was ultimately
demoted to a Maintenance II position.  Wood stated that
plaintiff's demotion was due to non-compliance with Wood's
directives.  In August 2004, plaintiff received a written
disciplinary warning from Wood.  At all times, plaintiff's
position was subject to the provisions of a collective bargaining
agreement, and plaintiff had access to union representation for
employment issues.  Plaintiff brought this employment
discrimination lawsuit against his employer and two supervisors.

<u>STANDARDS</u>

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).  Substantive law on an issue determines the materiality of
a fact.  <u>T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987).  Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
(1986).

The moving party has the burden of establishing the absence
of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>,

Page 3 - OPINION AND ORDER

477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff concedes the following claims pursuant to defendants' motion for partial summary judgment: equal protection "class of one" claim; ADA claim to the extent plaintiff relies on his back injury as the basis of his impairment; the state law family medical leave retaliation claim; and plaintiff's claim for punitive damages against the City.  Therefore, because I find no disputed issues of fact and can rule as a matter of law, defendants' summary judgment motion is granted as to the claims listed above and those claims are dismissed.

Plaintiff, however, disputes defendants' request for summary judgment on the following claims: (1) retaliation under the federal family medical leave act; (2) workers' compensation retaliation claim; and (3) denial of due process.

Page 4 - OPINION AND ORDER

(1)    <u>Retaliation Claims under Federal Family Medical Leave</u>

       <u>Act and Workers' Compensation</u>

Plaintiff alleges two separate retaliation claims.  First, for taking Family Medical leave; and second, for filing workers' compensation claims.  Plaintiff was on family medical leave initially due to his father's illness and death beginning November 2002, into January 2003.  On January 30, 2003, plaintiff filed a workers' compensation claim for a back injury he received while on the job.  Plaintiff again requested and received approval for family medical leave beginning August 10, 2003, through November 10, 2003.  During that time, on September 15, 2003, plaintiff filed a second workers' compensation claim for mental injury.

To establish a prima facie case for retaliatory discrimination under the workers' compensation statutes, a plaintiff must show that he: (1) invoked the workers' compensation system; (2) was discriminated against in the tenure, terms or conditions of employment; and (3) the employer discriminated against plaintiff in the tenure or terms of employment because he invoked the workers' compensation system. Or. Rev. Stat. § 659A.040; <u>Kirkwood v. Western Hwy Oil Co.</u>, 204 Or. App. 287, 293, 129 P.3d 726, <u>rev. denied</u>, 314 Or. 197 (2006).

In order to prevail on a FMLA retaliation claim, plaintiff must show that: (1) he took or requested protected leave; (2) he

suffered an adverse employment action; and (3) the adverse employment action was taken because he took protected leave. 29 U.S.C. § 2615(b); <u>Bachelder v. America West Airlines, Inc.</u>, 259 F.3d 1112, 1122-25 (9th Cir. 2001)(plaintiff must present evidence that requests for leave or actual leave motivated employer's decisions).

Plaintiff alleges two adverse employment actions: (1) his demotion from Maintenance Worker III to Maintenance Worker II in June 2004; and (2) a written warning he received from his supervisor in August 2004.  Plaintiff's workers' compensation filings occurred in January and September 2003.  His "adverse actions" occurred in June and August 2004.  Plaintiff alleges that his demotion came only nine months after his second workers' compensation filing. The court notes that the fact that plaintiff filed a claim, and later suffered some adverse employment action, is insufficient, without more, to establish the required causal connection between the two events.  <u>Hardie v. Legacy Health Systems</u>, 167 Or. App. 425, 433, 6 P.3d 531 (2000)(plaintiff must establish as part of prima facie case that he was discharged because he filed a workers' compensation claim).  Plaintiff relies on the following evidence to show that the adverse employment actions were taken either because he filed a workers' compensation claim and/or due to his utilization of family medical leave:

Page 6 - OPINION AND ORDER

Defendant Martin showed that he was unhappy that Plaintiff
was taking leave for his depression and anxiety when he
sent an email to another City supervisor stating: "...
it appears Rick is setting up for a FMLA situation similar
to Mr. Askers (sic).  Oh what fun." (Concise Statement ¶ 2).

Defendant Wood was following Plaintiff around looking for
him to do something wrong, and that Defendant Wood was
requiring employees to give their locations over the
radio so that Defendant Wood would know where Plaintiff
was and to see if he was doing anything wrong. (Concise
Statement ¶ 10).

Defendant Wood chastised Plaintiff over the radio so other
employees could hear him, and asked Plaintiff if he was
"fucking stupid" because he could not fill out a form
correctly.  (Amended Complaint ¶ 30; Concise Statement
¶ 25).  Although Defendant Wood was supposed to be
reprimanded for his language with Plaintiff, he was
never disciplined for anything. (Concise Statement ¶ 28).

Defendants made repeated and burdensome demands that
Plaintiff provide them with confidential medical
information, which his mental health providers both
considered excessive and interfering with his
treatment. (Concise Statement ¶¶ 6-7).

The City did not give Plaintiff vacation/sick leave
accruals for FMLA/OMLA absences in November/December
2002 (when his father was ill and dying), which he
successfully grieved.  (Concise Statement ¶ 8).

Plaintiff had been repeatedly asked to lift items
beyond his weight limitations from his back injury.
(Concise Statement ¶ 13).

On May 24, 2004, Defendant City notified Plaintiff that
his position was being reduced to 20 hours a week due to
budget cuts, effective July 1, 2004.  After Plaintiff
invoked his seniority rights the City rescinded the
memorandum.  (Concise Statement ¶ 16).

Less than two weeks later, on June 2, 2004, Plaintiff
received a notice from Defendant City stating that the
City was considering demoting him due to disciplinary
reasons.  (Concise Statement ¶ 16).

Plaintiff was demoted effective July 1, 2004 (the same day

Page 7 - OPINION AND ORDER

that the City had tried to reduce his position due to
budgetary reasons).  (Concise Statement ¶ 19).

Defendant Wood (who had previously called Plaintiff
"fucking stupid," followed him around, and who excessively
scrutinized him) made the decision to demote Plaintiff.
(Concise Statement ¶ 20).

No one else had been demoted.  (Concise Statement ¶ 20.)

On July 20, 2004, the City retroactively changed
Plaintiff's sick leave request to vacation time.  Plaintiff
successfully grieved the issue and the City changed his
leave back to sick leave.  (Concise Statement ¶ 21).

On August 17, 2004 Defendant Wood disciplined Plaintiff
again with a written warning.  (Concise Statement ¶ 22).

On August 23, 2004, Defendant Pat Wood told Plaintiff that
he was (sic) must provide more information about his
doctor appointments and bring an "Okay to Return to
Work" slip from his doctor after every appointment he
went to for any reason and on the same day he also
gave Plaintiff an official notice of written disciplinary
action due to alleged insubordination.  (Concise Statement
¶ 23).

Plaintiff's Memo in Opposition, p. 5-6.

     Plaintiff argues that the "retaliatory acts" listed above

happened over several months, beginning after he filed his first

workers' compensation claim and went on family medical leave.

Plaintiff asserts that although he was not demoted immediately

after either protected action, he was subjected to the acts

listed above which ultimately led to his demotion and discipline.

Finally, plaintiff argues that he has established the necessary

casual link between his protected activity and the retaliation he

suffered.

     Oregon courts have held that conflict between plaintiff's

Page 8 - OPINION AND ORDER

and defendant's evidence in a workers' compensation retaliation case can preclude summary judgment. <u>Kirkwood</u>, 204 Or. App. at 293. There, plaintiff was fired for insubordination and time card discrepancies three years after filing his second workers' compensation claim. Similarly, no other employees received the same discipline. <u>Id.</u> Further, the employer argued it had two legitimate reasons to fire plaintiff - his insubordination and inaccurate time cards. The court held there was a reasonable inference that defendant had a discriminatory motive when it fired plaintiff, despite the three-year gap between the second injury and the firing, and despite defendant's evidence of non-discriminatory reasons for the adverse employment action. <u>Id.</u> at 294.

Defendants here also argue that a legitimate, non-discriminatory reason exists for plaintiff's demotion and written discipline, specifically, plaintiff's alleged "pattern of non-compliance with his supervisor's directives." Plaintiff, however, relies on the actions listed above to assert that at least a question of fact exists as to whether the impetus behind defendants' adverse employment actions were retaliatory. Relying on <u>Kirkwood</u>, I find that questions of fact exist as to whether the adverse employment actions were taken because plaintiff took protected leave or filed a workers' compensation claim. When considering all the facts on the record, it may reasonably be

inferred that defendants had a discriminatory motive for demoting plaintiff.  "Although defendant's evidence would also permit a jury to draw a reasonable inference to the contrary, the conflicts in the evidence do not entitle defendant to judgment as a matter of law."  Id.  Therefore, defendants' motions for summary judgment on plaintiff's federal FMLA claim and workers' compensation discrimination claim are denied.

    (3) Due Process

      Plaintiff argues that although the evidence may show that defendants provided plaintiff with adequate opportunity to be heard, "a reasonable jury could find that there was no 'just cause' for plaintiff's demotion and subsequent written discipline."  Plaintiff's Memo in Opposition, p. 9.  Plaintiff argues that he was disciplined "more harshly" than other employees, and that no other employees were demoted.  Plaintiff asserts that the numerous events listed previously could also show that there was no "just cause" to discipline plaintiff.

    Defendants' summary judgment motion on this claim is granted.  It is undisputed that throughout the relevant time frame, plaintiff's position was subject to a collective bargaining agreement.  Plaintiff acknowledges that he had union representation throughout both processes. Plaintiff filed a Step I grievance of his demotion.  It is undisputed that the union dismissed that grievance.  It is also undisputed that plaintiff

had union representation at the time he was given the written
warning.  Plaintiff fails to show that he was denied any
opportunity to be heard pursuant to the collective bargaining
agreement.  The fact that plaintiff's union chose not to pursue
the grievance of plaintiff's demotion, or that plaintiff chose
not to grieve the written warning does not deprive plaintiff of
procedural due process.  Plaintiff's disagreement with the
outcome of those processes does not create a question of fact
about whether plaintiff was denied procedural due process.  I
find that as a matter of law, plaintiff had access to meaningful
due process under the collective bargaining agreement.  Armstrong
v. Meyers, 964 F.3d 948, 950 (9th Cir. 1992).

      Moreover, any claim for substantive due process also fails.
A substantive due process claim exists when the government is
alleged to have engaged in arbitrary or capricious action.
Halverson v. Skagit County, 42 F.3d 1257 (9th Cir. 1994).  It is
unclear, however, whether the Ninth Circuit recognizes a
substantive due process claim in the arena of public employment.
See Lum v. Jensen, 876 F.2d 1385, 1387-90 (9th Cir. 1989), cert.
denied, 493 U.S. 1057 (1990)(law in this area is unsettled).
Even if this court assumes that such a claim exists, I find no
evidence in the record supporting plaintiff's allegation that
defendants' actions rose to the level of irrational behavior.
Singleton v. Cecil, 155 F.3d 983, 986 (8th Cir. 1998)(substantive

due process claims are limited to "truly irrational" government
conduct).  That plaintiff disagrees with defendants' decisions
does not establish an inference that the actions were arbitrary
and capricious.  Therefore, defendants' summary judgment motion
on plaintiff's due process claim is granted and that claim is
dismissed.

<u>CONCLUSION</u>

Defendants' motion for summary judgment (doc. 31) is granted
in part and denied in part as follows:  defendants' motion is
granted as to plaintiff's claims for equal protection; ADA claim
to the extent plaintiff relies on his back injury as the basis of
his impairment; state law family medical leave retaliation claim;
punitive damages claim against the City; and due process claim.
Defendants' motion is denied as to plaintiff's claims pursuant to
the federal FMLA, and for workers' compensation discrimination.
Further, defendants' motion to strike (doc. 49) is denied.
Finally, defendants' request for oral argument is denied as
unnecessary.

IT IS SO ORDERED.

Dated this  2   day of October 2007.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge


Page 12 - OPINION AND ORDER